# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TERRELL REID,                     )
                                  )
        Movant,           )
                                  )
    v.                           )       No. 4:10-CV-583 CAS
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.       )

## MEMORANDUM AND ORDER

This matter is before the Court on movant Terrell Reid's pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government filed its Response to the Motion to Vacate and movant filed a Reply, so this matter is fully briefed and ready for decision. For the following reasons, the Motion to Vacate, Set Aside or Correct Sentence will be dismissed.

## Background

On January 5, 2006, Terrell Reid was charged by superseding indictment with one count of conspiracy to distribute and possess with the intent to distribute cocaine base, cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1) (Count I); two counts of distribution of in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts VII and VIII); and criminal forfeiture pursuant to 21 U.S.C. § 853 (Count XIII). The Federal Public Defender was appointed to represent Reid and pretrial motions were filed on his behalf. A conflict developed between the public defender and Reid, and Mr. Jeffrey Goldfarb was appointed to represent Reid.

The case went to trial on May 29, 2007, the Honorable Stephen N. Limbaugh presiding. On June 1, 2007 the jury found Reid guilty of conspiracy to possess with the intent to distribute in excess of fifty (50) grams of cocaine base and five (5) kilograms of cocaine (Count I); guilty of

distributing in excess of five (5) grams of cocaine base on June 22, 2005 (Count VII); and guilty of distributing in excess of five (5) grams of cocaine base on June 27, 2005 (Count VIII). A Presentence Investigation Report ("PSR") was prepared and Reid's attorney filed objections thereto. On September 19, 2007, Judge Limbaugh sentenced Reid to 151 months imprisonment on Counts I, VII and VIII, to be served concurrently, with five years supervised release on Count I and four years supervised release on each of Counts VII and VIII, to be served concurrently.

Reid filed a notice of appeal and his counsel argued on appeal that (1) the delay between Reid's initial appearance and his jury trial violated both his statutory and constitutional speedy trial rights, and (2) the trial court erred in excluding evidence of prosecution witness LaFranz Wilson's prior conviction. Reid also argued in a pro se brief filed on appeal that (3) he was prejudiced by his placement in solitary confinement prior to trial; (4) the trial court should have stricken the testimony of witness Cecil Clay; (5) the trial court erred in giving him a managerial-role enhancement and denying safety valve relief; (6) the drug amount was not proved at trial; and (7) his sentence should be reduced based on the disparity between penalties for crack and powder cocaine.

The Eighth Circuit Court of Appeals rejected each ground for appeal and affirmed the conviction by opinion dated October 20, 2009. United States v. Reid, 352 F. App'x 135 (8th Cir. 2009). Movant timely filed this motion for post-conviction relief on April 5, 2010, which was assigned to the undersigned because Judge Limbaugh had by then retired from the federal bench.

**Grounds**

Movant raises the following grounds in his § 2255 Motion:

> 1. Trial counsel was ineffective for failing to object to the PSR with respect to (1) the finding that Reid was a manager, leader or organizer of a drug conspiracy, and (2) the amount of drugs attributed to Reid.

2. The trial court erred in (1) relying on inaccurate information contained in the PSR with respect to the finding that Reid was a manager, leader or organizer of a drug conspiracy; and (2) finding as a fact, based on the PSR, that Reid was responsible for at least 5-15 kilos of drugs, when <u>Apprendi</u>[1] requires that the drug quantity be charged in the indictment and found as a fact by the jury.

3. Reid should have been granted the two-level reduction for crack cocaine offenses under Amendment 706 to the United States Sentencing Guidelines, and he claims cause and prejudice for failing to raise this issue on appeal, based on the ineffective assistance of his appellate counsel in failing to raise the issue.

4. Trial counsel was ineffective for failing to bring to the trial court's attention impeachment evidence concerning the "prosecution's star witness" LaFrance [sic] Wilson, specifically that he was still on probation for a ten-year old conviction for impeding the investigation and hiding the defendant in a child abduction conviction.

Reid also raises two additional grounds in his reply memorandum:

5. Trial counsel was ineffective for failing to file a sentencing memorandum on Reid's behalf.

6. Trial counsel was ineffective for failing to explain Reid's true sentencing exposure that he faced with the enhancements, and this failure caused Reid to reject any plea offer.

## Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962). The

---

[1]<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Statements that are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

**A. Ineffective Assistance of Counsel - Failure to Object to PSR**

In the first ground, movant asserts that his trial counsel was ineffective for failing to object to findings in the PSR concerning (1) movant's role in the offense, specifically that he was a manager, leader or organizer of a drug conspiracy, and (2) the drug quantity attributable to movant. Movant also asserts that at sentencing his attorney stated movant would concede to the leadership role, and movant did not understand what the word "concede" meant.

The government responds that movant's claim lacks merit under Strickland, citing the affidavit of movant's trial counsel, Mr. Goldfarb. The government asserts that Mr. Goldfarb states in his affidavit the decision not to object to the two findings in the PSR was an informed, strategic choice, as follows. Mr. Goldfarb initially prepared and filed objections to the PSR after reviewing the document with Reid.[2] On the day of the sentencing hearing, however, Reid expressed concern about receiving a lengthy sentence and instructed Mr. Goldfarb to meet with the government in an effort to reach a sentence agreement. Mr. Goldfarb and the government agreed on a 151 month sentence, which Reid accepted. As part of this agreement, Reid withdrew his previously filed objections to the PSR. The government asserts that as a result, because Mr. Goldfarb's decision to

---

[2]The Objections filed by Mr. Goldfarb in the underlying criminal case addressed thirteen points in the PSR, included findings concerning Reid's role in the conspiracy to the extent he was alleged to be in the higher echelon of the conspiracy, or a manager or supervisor of the conspiracy; and the drug quantity attributable to Reid. See Defendant Reid's Objections to the Presentence Report (Doc. 550), United States v. Reid, No. 4:05-CR-707 CAS.

withdraw the objections was a direct result of Reid's express order, it cannot be said that the action was unreasonable. Strickland, 466 U.S. at 691.

The government further responds that even assuming Mr. Goldfarb acted unreasonably, Reid's ineffective assistance of counsel claim is unsuccessful because he cannot show that the withdrawal of objections prejudiced his sentencing. The government states the base offense level for Reid's conviction under 21 U.S.C. §§ 841(a)(1) and 846 is 34, see U.S. Sentencing Guidelines Manual § 2D1.1(3), and under Guidelines § 3B1.1(c), serving as a organizer or manager of criminal activity carries a two-level enhancement. As a result, the total offense level calculated from the findings contained in Reid's PSR was 36. Given Reid's category one criminal history, the advisory sentence range from the Sentencing Guidelines was 188-235 months imprisonment, but following the agreement reached between the parties, Reid's base offense level was reduced to 32. After adding the § 3B1.1(c) managerial-role enhancement, Reid's total offense level was 34, making the advisory range for imprisonment 151-188 months. The government asserts that had Reid chosen not to withdraw his objections to the PSR and successfully challenged the managerial-role enhancement, he would still have a base offense level of 34 and a advisory range of 151-188 months. Because Reid received a 151 month sentence, the minimum period under the advisory range, the government argues Reid's defense was not prejudiced and his sentence was not adversely affected by counsel's withdrawal of objections to the PSR.

Movant replies, "If in fact counsel had objected to the 'offense level' Movant would not have been in level 34 but would have been at the proper level of 32. Counsel's error had an effect on Petitioner's sentence[.] There was a reasonable probability that, but for counsel's actions, Petitioner would not have received the sentence he received." Reply at 2.

Trial counsel's affidavit states that movant authorized counsel to seek an agreement from the government at sentencing with respect to the sentence. Trial counsel met with the Assistant United States Attorney and received an offer of 151 months, which was considerably lower than the sentencing range suggested by the United States Probation Office of 188 to 235 months. Trial counsel discussed the offer with movant, who directed counsel to accept the offer and withdraw the previously-filed objections. Movant was then sentenced to 151 months by Judge Limbaugh.

With respect to the issue of whether movant understood what the word "concede" meant, trial counsel avers as follows:

> Mr. Reid next contends that he failed to understand the term "concede" and was therefore unaware of the actions surrounding his sentencing. Mr. Reid and I spoke at length regarding Mr. Hoag's offer. Mr. Reid was fully aware of the fact that, in order to accept the agreed upon term of 151 months, he would be withdrawing his objections to the PSR. Additionally, the issue was addressed in open court at Mr. Reid's sentencing hearing and he was questioned by the Court on the issue and provided an opportunity to make any argument to the Court that he felt was appropriate. Mr. Reid did not indicate any disagreement with his sentence when given the opportunity to do so and, in fact, counsel remained in contact with Mr. Reid for a lengthy period of time after his sentencing without Mr. Reid indicated he failed to understand any aspect of his sentencing.

Goldfarb Aff. at 3.

Movant does not directly challenge or dispute the averments in trial counsel's affidavit concerning his acceptance of the government's sentence offer of 151 months, but states in his unverified reply that he advised counsel to challenge the drug amount "as it was an error and wasn't proven however counsel advised he would take care of it on appeal but never did. Counsel lied to me in order to keep quiet at sentencing." Reply at 3. Attached to movant's reply is a document titled "Affidavit of Terrell Reid" which states in its entirety:

> Mr. Goldfarb stated that Mr. Reid agreed to the leader role. At sentencing, in the lime light of the camera, when Judge Limbaugh said he was adding the two points, Mr. Reid turned to Mr. Goldfarb and stated, "I thought we were fighting the

enhancement." Mr. Goldfarb stated that he would get the leader role removed on appeal. If the tapes are viewed, it will show that Mr. Goldfarb led me in the wrong direction. Mr. Goldfarb also stated that it was Mr. Reid who decided that objections should be made. Mr. Goldfarb stated to me that a jury didn't find me guilty of the drug amount, nor the manager role, and that he felt bad that the government was trying to give me additional time, so that is why he objected to the PSI. I didn't know anything about the federal law. Mr. Goldfarb stated to me what was wrong in the PSI. I never told Mr. Goldfarb not to object once he told me what the government was trying to do was wrong, I told him to fight the PSI.[3]

As a threshold matter, the Court must determine whether the document entitled "Affidavit of Terrell Reid" can be accepted as a sworn statement in opposition to counsel's affidavit. Although the document is signed by movant and bears the signature and stamp of a notary public, the "affidavit" does not contain a statement that movant was placed under oath or otherwise swore to the truth of the statements contained therein, and the document also lacks a notary's jurat stating that movant subscribed and swore to the document in the notary's presence.[4]

The Eighth Circuit has stated that an affidavit is "a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." Pfeil v. Rogers, 757 F.2d 850, 859 (8th Cir. 1985) (emphasis added) (quoted case omitted). See also State ex rel. York v. Kays, 916 S.W.2d 859, 861 (Mo. Ct. App. 1996) ("A signed statement of facts, purporting to be

_____

[3]Movant's apparent belief that the sentencing proceedings were recorded by camera is incorrect.

[4]"Jurat" is defined as:

A certification added to an affidavit or deposition stating when and before what authority the affidavit or deposition was made. A jurat typically says "Subscribed and sworn to before me this ___ day of [month], [year]," and the officer (usu. a notary public) thereby certifies three things: (1) that the person signing the document did so in the officer's presence, (2) that the signer appeared before the officer on the date indicated, and (3) that the officer administered an oath or affirmation to the signer, who sworn to or affirmed the contends of the document.

Black's Law Dictionary 854 (7th ed. 1999).

the statement of the signer, followed by the certificate of an officer, authorized to administer an oath that it was sworn to and subscribed before him, is a lawful affidavit.") (quoted case omitted). "[U]nsworn documents purporting to be affidavits may be rejected." Pfeil, 757 F.2d at 859.

Courts should not be "unnecessarily hyper-technical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied." Pfeil, 757 F.2d at 859. The failure to comply with the formal requirements of a jurat may be excused if the declarant actually swore to the statements before an officer authorized to administer an oath. For example, in Pfeil, the affidavits at issue stated that "[The Affiant], being first duly sworn on oath deposes and states . . . ." Id. at 858. The affidavits bore the signatures of the affiants and the notary public wrote "Subscribed and sworn to me before this 19th day of November, 1982. Gerald T. Flynn. Notary Public, Racine County, Wis. My commission is permanent." Id. at 858-59. The notary did not emboss the documents with his official seal, however. See Pfeil at 859. The Eighth Circuit held the absence of the notary's seal did not render the affidavits inadmissible because the affidavits indicated that the affiants actually swore to the statements before an officer authorized to administer an oath. Id.

Here, movant's "affidavit" does not indicate whether movant swore to the truth of his statements before a notary public, but it bears the signature and stamp of a notary public. The Court concludes that movant's "affidavit" does not satisfy the requirements of an affidavit, because there is no proof movant swore to the truth of its contents before an officer authorized to administer oaths. "There is, of course, no affidavit unless there was an actual swearing to the facts which it purported to affirm under oath." Sears, Roebuck and Co. v. Hupert, 352 S.W.2d 382, 385 (Mo. Ct. App. 1961). The Court has found no authority that an unsworn statement may be considered an affidavit merely because a notary public's seal has been affixed thereto. Cf. Home Savings of America, F.A.

v. Einborn, 1990 WL 11463, at *5 (N.D. Ill. July 24, 1990) (holding that a signed statement, "sworn on oath," but not notarized, is not an affidavit).

In place of an affidavit that satisfies the oath requirement, a party may properly submit unsworn documents signed under penalty of perjury and verified as true and correct. See 28 U.S.C. § 1746. Because movant did not verify that his "affidavit" was true and correct under penalty of perjury, the "affidavit" also does not satisfy the requirements for admitting an unsworn declaration under 28 U.S.C. § 1746.

Even if movant's "affidavit" could be accepted as an affidavit, it would be insufficient to raise an issue of fact necessary to require an evidentiary hearing in this matter. First, movant's "affidavit" does not address or contradict trial counsel's averments concerning the sentencing agreement reached with the government. Second, movant's "affidavit" is contradicted by the record of the sentencing proceedings, which shows that movant carefully discussed the sentencing agreement with his counsel and understood it, agreed to withdraw his objections to the PSR, and had no questions for the trial court concerning the matter despite being asked several times. When offered an opportunity to address the sentencing court, movant made no attempt to disagree with his counsel's statements.

To the extent movant's "affidavit" can be read to indicate that he did not agree to withdraw his objections to the PSR, it is contradicted by his representations in open court during the sentencing proceedings. "Solemn declarations in open court carry a strong presumption of verity[,]" Blackledge v. Allison, 431 U.S. 63, 74 (1977), and "pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (discussing defendant's representations in open court during plea-taking proceeding).

The transcript of movant's sentencing proceeding states in pertinent part:

10

THE COURT:  In the case of United States versus Terrell Reid, we are here for sentencing.  The parties would come forward.  The government appears by Assistant United States Attorney Dean Hoag and James Delworth.  The defendant appears in person and with his attorney, Jeffrey Goldfarb.  Have you had an opportunity to go over the report, Mr. Goldfarb, with your client? I assume you have since you have filed substantial objections.

MR. GOLDFARB:  Yes, Your Honor.

THE COURT:  The presence investigation report made several findings, a number of which are objected to by formal objections in writing that have been filed by Mr. Goldfarb on behalf of his client.  The base offense level was determined to be a 34.  This is on the assumption that the defendant is responsible for at least 15 kilograms of cocaine and less than 50 kilograms.  If in fact all relevant conduct suggests that that is the range for which defendant is responsible, then under the guidelines, even though they are advisory, there is a 34.  The probation officer also adjusted two levels upward under Section 3B1.1C, finding that on the basis of the facts in the case that the defendant was either a manager or supervisor.  Accordingly, if that is accurate, then under 3B1.1C, two levels are added.  That would make with the base offense level of 34 and the addition of two more levels, a -- an offense level 36.  Probation officer found that that was the total offense level.

The criminal history category was determined to be a one.  Accordingly, under the advisory guidelines, the range as to custody would be 188 to 235 months.

Now this matter was set today for the purpose of addressing the objections that have been made by the defendant to the findings in the report with the possibility of evidence being adduced. I will generalize with respect to the objections, but there were numerous objections filed as to certain factual information that was set out in the report in addition to the objections to the calculation of the base offense level and the adjustment for role in the offense.

All right.  What is the position of the parties at this stage?

MR. GOLDFARB: Your Honor, I've had an opportunity to speak with Mr. Reid and with Mr. Hoag concerning the objections.  It's my understanding that the government is agreeing that the correct level of responsibility for Mr. Reid would be a 32 at this point, range of five to 15 considerations.  Mr. Reid would concede that he is in fact or was the manager of this organization. That being the case, we would withdraw the motions that we filed or the objections to the presentence report that we filed in this matter and ask to proceed to sentencing.

THE COURT: You understand what we're talking about, Mr. Reid?

MR. REID:  Yes, sir, Your Honor.

THE COURT: Have you gone over this carefully with your lawyer?

MR. REID:  Yes, sir.

THE COURT:  Is what he said correct?

MR. REID:  Yes, sir, Your Honor.

THE COURT:  Well, if that is the case, and I find that the base offense level should be a 32 instead of a 34 but still add two levels under Section 3B1.1C, that would make a total offense level of a 34 rather than a 36 which obviously is more favorable to you, Mr. Reid.  If that is the case, and I would determine that there is a total offense level of 34, then the range of punishment under the advisory guidelines as to imprisonment is 151 to 188 months.

Is this the position of the parties that I'm -- is being recommended to me for acceptance?

MR. HOAG:  It is, Your Honor.

MR. GOLDFARB:  Yes, Your Honor.

THE COURT:  Again, you understand what we're talking about, Mr. Reid?

MR. REID:  Yes, sir, Your Honor.

THE COURT:  Do you have any questions at all about it?

MR. REID:  No, sir, Your Honor.

THE COURT:  Have you gone over this carefully with your lawyer?

MR. REID:  Yes, sir.

THE COURT:  All right.  Let's let the record show I did preside at the trial of this case.  I have reviewed the notes that I have concerning the testimony of the various witnesses and I believe on the basis of my notes that probably there would be an amount less than 15 kilograms for which the defendant would be held accountable.  Accordingly, I think it is appropriate that I accept all of the recommendations of the parties and I will determine on my independent findings from my notes of the testimony in this case that there should be a base offense level of 32.

I do determine on the basis again of my notes as well as the position of the parties in this case that two levels should be added under Section 3B1.1C.

I think all of my notes concerning the testimony in this case would establish that finding. Accordingly, I determine there is a total offense level of 34 and a criminal history category of one. With that finding, as I indicated, the range as to imprisonment is 151 months to 188 months. There's a supervised release range of five years to Count 2, four years as to Count 7 and 8. There's a fine range of $20,000 to eight million dollars.

Now having made that finding, as to the other objections with respect to some of the factual statements in the report, subject to what conclusions I have reached here, do you wish to pursue more of those?

MR. GOLDFARB: No, Your Honor.

THE COURT: Mr. Goldfarb?

MR. GOLDFARB: No, Your Honor. We would withdraw the other issues that we objected to previously.

THE COURT: All right. Having made those findings and determined what the range is under the advisory guidelines, I am ready to consider sentencing the defendant. I'll be glad to hear from you, Mr. Goldfarb.

MR. GOLDFARB: Your Honor, this is the first time Mr. Reid has come before this Court or any other court for sentencing on any kind of criminal matter. I think a sentence of 151 months in this situation adequately punishes him for the conduct that the jury has determined he's done. I think it's an appropriate sentence. I don't think it's excessive for him, but I do think the guidelines in this particular case apply to him and I think that it would be beneficial to him, for the 151 months, and that's what we're here to request in this case.

THE COURT: All right. Mr. Hoag?

MR. HOAG: Judge, we would also agree to 151 months is an appropriate sentence.

THE COURT: Mr. Reid, would you like to make a statement?

MR. REID: I like to say I'm sorry for people this conspiracy caused problems to and the drugs and all. I like to say I'm apologizing to the courts for putting everybody through this and my family and my friends and everybody else.

THE COURT: Well, you certainly had the right to a jury trial, Mr. Reid. You exercised that right. The jury reached its verdict and I entered a judgment on the basis of the verdict, so you exercised your right and you have every opportunity to do that.

All right. In view of my findings in this matter and the position of counsel, I am going to determine under all of the circumstances in this case it is appropriate to sentence the defendant at the low end of the guideline range.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Terrell Reid, also known as Tall T, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months.

This term consists of a term of 151 months on each of Counts 1, 7 and 8. They shall all be served concurrently. While in the custody of the Bureau of Prisons, I will recommend that he be evaluated for participation in the residential drug abuse program if it is consistent with the policies of the Bureau of Prisons.

Sent. Tr. at 48-54 (Doc. 620), Case No. 4:05-CR-707 CAS.

Based on the foregoing, the Court finds that movant agreed that he would receive a sentence of 151 months in return for withdrawing his objections to the PSR, that he understood the agreement, and that he was fully informed about its terms. The sentencing court offered movant multiple opportunities to indicate he did not understand the agreement or the proceedings, and to ask questions, but movant repeatedly stated he understood and had no questions.

The record therefore shows the decision to withdraw movant's objections to the PSR was a tactical decision made by movant and counsel in order to obtain a lesser sentence than was called for by the PSR. After reviewing the record in this case, the Court is convinced that the decision to accept the offer and withdraw the objections to the PSR was an objectively reasonable decision based on sound strategy, because movant has not shown there is a reasonable probability that his objections would have been sustained by Judge Limbaugh, resulting in a different base offense level, and that he would have received a different sentence.[5] Cf. Apfel, 97 F.3d at 1076-77 (to obtain

---

[5]The Court notes that if Judge Limbaugh had sustained movant's objections to the PSR concerning both role in the offense and drug quantity, movant's base offense level would have been 32. The sentence range for offense level 32 was 121-151 months. Movant was sentenced to 151 months. Therefore, even if movant had been successful with respect to the objections, he might have received the same sentence. The government's position that the base offense level for movant's

relief, a § 2255 movant must show there is a reasonable probability that if an objection had been made, it would have been sustained, and the result of the proceeding would have been different). This ground should therefore be dismissed.

**B.  Trial Court Sentencing Error**

Movant's second ground is that the trial court erred in (1) relying on inaccurate information contained in the PSR with respect to the finding that Reid was a manager, leader or organizer of a drug conspiracy; and (2) finding as a fact, based on the PSR, that Reid was responsible for at least 5-15 kilos of drugs, when Apprendi requires that the drug quantity be charged in the indictment and found as a fact by the jury.

Movant raised these issues, pro se, on direct appeal, and the Eighth Circuit rejected them. See Reid, 352 F. App'x at 136-37.  "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."  United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).[6]  As a result, movant is precluded from asserting them again in his § 2255 motion.  See Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003).  This ground should therefore be dismissed.

**C.  Sentencing Reduction for Crack Cocaine Offenses**

Movant's third ground is that he should have been granted the two-level reduction for crack cocaine offenses under Amendment 706 to the United States Sentencing Guidelines, and he claims

---

conviction under 21 U.S.C. § 841(a)(1) is 34 fails to take into account movant's objection to the drug quantity, in addition role in the offense, which could have affected the base offense level.

[6]One exception to this general rule is where the movant alleges ineffective assistance of counsel.  The Court has already addressed movant's claims of ineffective assistance of counsel in connection with the managerial-role enhancement and the drug quantity determination.

cause and prejudice for failing to raise this issue on appeal, based on the ineffective assistance of his appellate counsel in failing to raise the issue.

Contrary to his assertion, movant raised this issue on direct appeal, arguing pro se that his sentence should be reduced based on the disparity between the penalties for crack and powder cocaine. The Eighth Circuit rejected this argument as having "no bearing" because movant was sentenced based on the amount of powder cocaine for which he was responsible, not the amount of crack cocaine. Reid, 352 F. App'x at 137. Because this issue was raised and decided on direct appeal, movant cannot relitigate it under § 2255. See Wiley, 245 F.3d at 752.[7]

### D. Ineffective Assistance of Counsel - Impeachment Evidence

Movant's fourth ground is that his trial counsel was ineffective for failing to bring to the trial court's attention impeachment evidence concerning the "prosecution's star witness" LaFranz Wilson, specifically that he was still on probation for a ten-year old conviction for impeding the investigation and hiding the defendant in a child abduction conviction.

The government responds that Mr. Goldfarb took reasonable steps to attempt to impeach witness Wilson with his prior convictions of hindering prosecution in the State of Missouri. Mr. Goldfarb filed a pretrial motion for a determination of the admissibility of Wilson's 1994 conviction on two counts of hindering prosecution (See Doc. 515 in 4:05-CR-707 CAS), but the trial court

---

[7]The record also shows that in April 2008, Mr. Goldfarb filed a motion to reduce movant's sentence under 18 U.S.C. § 3582(c) (Doc. 579) in the underlying criminal case, based on the retroactive application of U.S.S.G. Amendment 706. Judge Limbaugh issued an Order which stated that movant's base offense level had been calculated at 32 because movant was responsible for between 5 and 15 kilograms of powder cocaine, and ordered movant to show cause why his "motion for a downward departure would be applicable to a powder cocaine only case." Order of April 24, 2008 at 1 (Doc. 583). Movant, through counsel, subsequently sought and was granted leave to withdraw his § 3582 motion after concluding based on a review of the law and facts that "there exists no basis for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)." Motion to Withdraw at 1 (Doc. 595).

excluded evidence of Wilson's conviction because it was more than ten years old at the time. Mr. Goldfarb challenged the ruling on direct appeal, arguing that the trial court erred in excluding evidence of Wilson's conviction. The Eighth Circuit rejected the argument, holding that exclusion of Wilson's conviction was not an abuse of discretion. Reid, 352 F. App'x at 136.

Based on the foregoing, movant cannot establish that counsel was ineffective, because counsel sought to introduce evidence of Wilson's conviction but the evidence was excluded by the trial court, and counsel appealed the unfavorable ruling. Movant also cannot establish that he suffered prejudice. This ground should therefore be dismissed.

### E. Ineffective Assistance of Counsel - Failure to File Sentencing Memorandum

Movant raises a fifth ground in his reply memorandum, that counsel was per se ineffective for failing to file a sentencing memorandum on Reid's behalf, because "areas in the PSI could have been challenged and presented to the Court and Counsel's failure to do so left Movant without any representation during the sentencing phase of the trial." Reply at 2. Movant asserts that if counsel had objected to the offense level, movant would have been at the proper offense level of 32 rather than 34.

As a threshold matter, the Eighth Circuit has held it is not error to dismiss claims that are raised for the first time in a § 2255 reply brief. See Smith v. United States, 256 F. App'x 850, 852 (8th Cir. 2007) (citing Hohn v. United States, 193 F.3d 921, 923-24 n.2 (8th Cir. 1999)). The Court could therefore dismiss this claim without further discussion. Nonetheless, the Court will address movant's claim, which is without merit.

Trial counsel Mr. Goldfarb states in his affidavit that he decided not to file a sentencing memorandum because he believed it would be detrimental to Reid. Mr. Goldfarb states that while he has filed numerous sentencing memoranda on behalf of clients, he typically does so in an attempt

to reduce a sentence based on the provisions of 18 U.S.C. § 3553(a), not to dispute the jury's findings or the facts of the case. Mr. Goldfarb states that because he filed objections to the PSR, there did not appear to be any information he could provide to the Court via a sentencing memorandum that was not already included in the PSR itself or the objections thereto. Mr. Goldfarb further states that he was concerned any content contained within a sentencing memorandum could be used by the government to hinder movant's ability to appeal or to argue for an enhanced sentence.

The failure to file a sentencing memorandum is not, in and of itself, ineffective assistance of counsel. In this case, the issues movant contends should have been included in a sentencing memorandum were addressed in the PSR objections filed by trial counsel. Trial counsel has explained his strategic reasons for not filing a sentencing memorandum, which are reasonable and well within prevailing professional norms. Further, the underlying issue, whether counsel was ineffective for failing to pursue the issue of movant's base offense level and drug quantity attribution, has been fully addressed and rejected in Section A, above. Movant therefore cannot show that counsel's performance was deficient, or that he was prejudiced by the claimed deficient performance. See Strickland, 466 U.S. at 687. As a result, this ground should be dismissed.

### F. Ineffective Assistance of Counsel - Failure to Explain Sentencing Exposure

Movant's final ground, also raised for the first time in his reply memorandum, asserts that trial counsel was ineffective for failing to explain the true sentencing exposure that Reid faced with the enhancements, and this failure caused Reid to reject any plea offer. Because this ground was raised in the reply, the government has not had an opportunity to respond to it. To the extent this ground should be addressed, the Court finds it is without merit.

The Strickland two-part test applies to ineffective assistance claims arising out of representation during the pre-trial plea process as well as to other ineffective assistance claims. See

Engelen, 68 F.3d at 241. "[A] defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence." Engelen, 68 F.3d at 241 (citing cases). To establish prejudice, however, movant must show that, but for his counsel's actions, he would have accepted the plea. Sanders, 341 F.3d at 722 (quoting Engelen, 68 F.3d at 241). To be entitled to an evidentiary hearing and avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241; Sanders, 341 F.3d at 722.

Movant does not allege any facts concerning in what manner counsel failed to explain his "true sentencing exposure," does not allege the government made a plea offer that he rejected, and does not state the terms of any such plea offer. The Court is mindful that pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972); Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006), but pro se pleadings "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The principle of liberal construction will not save a movant's pleading if it is based on conclusory or non-specific factual allegations. See, e.g., Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)

Significantly, movant has not alleged that he would have pled guilty and not gone to trial if he had known the true sentence exposure he faced because of the enhancements. Movant alleges only that counsel "failed to explain the true sentencing exposure that he faced with the enhancements which caused Petitioner to reject any plea offer and this constitutes a Sixth Amendment claim of plain ineffective assistance of counsel." Reply at 2. Movant's conclusory statement that counsel's failure caused him to reject "any plea offer" is insufficient to allege prejudice because it does not establish a reasonable probability that the result of the proceeding would have been different, i.e., that he would have pled guilty rather than going to trial and received a lesser sentence. See Engelen,

68 F.3d at 241 (finding insufficient evidence of prejudice, in part because "Engelen made no direct assertion that he would have pled guilty if he counsel had provided him with additional information concerning the risks of trial"); see also Apfel, 97 F.3d at 1076 (self-serving statements unsupported by evidence do not establish a basis for relief under § 2255); Moses v. United States, 175 F.3d 1025 (8th Cir. 1999) (Table) (self-serving statement that § 2255 movant would have accepted plea agreement if counsel had explained all aspects of it was conclusory and "not the sort of objective evidence required to establish a reasonable probability that he would have accepted the plea agreement absent his counsel's allegedly deficient performance.").

Because movant has failed to establish prejudice, the Court does not need to address the reasonableness of the attorney's actions. See Apfel, 97 F.3d at 1076. This ground should therefore be dismissed.

**Conclusion**

For the foregoing reasons, the Court finds that each of the grounds raised in movant Terrell Reid's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit or is procedurally barred, and should be dismissed without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that movant Terrell Reid's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.



_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this _23rd_ day of September, 2010.